**Sargis PILIPOSYAN; Naira Piliposyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71036.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 17, 2006.

Decided Sept. 12, 2006.

Alan Aghabegian, Law Office of Alan Aghabegian, Glendale, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Louis J. Ruffino, Esq., Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

to the May 10, 1995 support order issued in the Los Angeles Superior Court dissolution action.

Before: KOZINSKI, O'SCANNLAIN and BYBEE, Circuit Judges.

### MEMORANDUM *

1. The immigration judge correctly noted that the Piliposyans' testimony was inconsistent with respect to how Sargis got to the hospital after having been detained and how many times he was detained in the KGB building. These inconsistencies go to the heart of the Piliposyans' claim, and "only one inconsistency can be sufficient" to support an adverse credibility determination. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

The immigration judge further found that "their testimony [wa]s highly implausible and improbable," yet petitioners provided "no extrinsic, corroborating evidence"—i.e., "affidavits from relatives" or "medical records corroborating the injuries suffered." We have repeatedly held that "where material corroborating evidence was easily available to the asylum seeker, i.e., it 'does not pose the type of particularized evidentiary burden that would excuse corroboration,' failure to produce such evidence can constitute substantial evidence supporting an adverse credibility determination." *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir.2000) (quoting *Mejia–Paiz v. INS*, 111 F.3d 720, 723–24 (9th Cir.1997)). Because substantial evidence supports the adverse credibility finding and petitioners provided no other evidence, their asylum claims necessarily fail.

2. Petitioners did not qualify for asylum, so they also fail to qualify for withholding of removal. *See Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

3. Because petitioners' claims under the Convention Against Torture (CAT) were based solely on the statements that the immigration judge found not to be credible, we must similarly uphold the immigration judge's denial of CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION DENIED.**

BYBEE, J.

I concur in the judgment.